FROM: The District Court of the 4th Judicial District.
County of Missoula.

STATE OF MONTANA,

Plaintiff,                                                    NO. 8753

VS.                                                          DECISION

Troy Anthony Howland,

Defendant.

On July 31, 1995, it was the judgment of the court that defendant's prior suspended sentence is hereby revoked and that the defendant be and he is hereby sentenced to a term of five (5) years in the Montana State Prison. Due to the defendant's failure to comply with the terms and conditions of his suspended sentence while under the supervision of the Department of Probation and Parole, the Court finds that he is not entitled to receive, and shall not receive, credit for any elapsed time between the date of his conviction and the date of this Order, except that he shall receive credit from May 18, 1995, through date of sentencing, July 31, 1995, for seventy-five (75) days jail time which he has previously served.

On October 19, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides : "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Petitioner's alleged violation of section 46-23-1011(2) may or may not be grounds for a successful petition for post-conviction relief. However, the alleged violation of statute is in this case technical. Even if Mr. Howland's allegation that he did not sign conditions of his probation is true, such is not sufficient reason for the Sentence Review Division to change an otherwise appropriate sentence.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 19th day of October, 1995.

DATED this 1st day of November, 1995.

Hon. John Warner, Chairman, Hon. Ted O. Lympus, Member,
Hon. Jeffrey M. Sherlock, Member.

The Sentence Review Board wishes to thank Anthony Howland for representing himself in this matter.